# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN COLLINS, on behalf of patients of Dr. Terrill E. Brown, M.D., MPH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WALGREEN CO., *et al.,*<br><br>　　　　Defendant. | 1:12-cv-1780 AWI-BAM<br><br>**FINDINGS & RECOMMENDATIONS DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS WITHOUT PREJUDICE** |

On October 31, 2012, Plaintiff Lynn Collins ("Plaintiff"), proceeding pro se, filed a purported class action complaint alleging discrimination, slander, libel, defamation, and misrepresentation by Defendant "Walgreen Co." in the purchase of prescription pills. (Doc. 1). On that same date, Plaintiff also filed a motion to proceed in forma pauperis ("IFP") pursuant to Title 28 of the United States Code section 1915. (Doc. 2). For the reasons discussed below, this Court recommends that Plaintiff's application be DENIED.

**I.     Motion to Proceed IFP**

An indigent party may be granted permission to proceed "in forma pauperis" upon submitting an affidavit showing his or her inability to pay the required fees. 28 U.S.C. §1915(a).  The determination of whether a plaintiff is indigent and therefore unable to pay the filing fee falls within

1

1  the court's sound discretion. *California Men's Colony v. Rowland,* 939 F.2d 854, 858 (9th Cir.
2  1991) (*reversed on other grounds*).  Where the applicant has knowingly provided inaccurate
3  information on his or her in forma pauperis application, a court is authorized to dismiss the action
4  with prejudice. *See Thomas v. Gen'l Motors Acceptance Corp.,* 288 F.3d 305, 306 (7th Cir. 2002);
5  *Attwood v. Singletary,* 105 F.3d 610, 612-13 (11th Cir. 1997).

6       A review of Plaintiff's IFP Application reveals that she does not receive "any money" from
7  any: business, profession or other self-employment; rent, payments, interest or dividends; pensions,
8  annuities or life insurance payments; disability or workers' compensation payments; gifts or
9  inheritances; or any other sources. (Doc. 3 at 1.) Next, Plaintiff claims she does not have "any cash
10 or checking or savings accounts," does not own any real estate, stocks, bonds, securities, automobiles
11 nor any other thing of value. (Doc. 2 at 2.)  Additionally, where the IFP Application requested
12 Plaintiff state "employers name and address," Plaintiff's response was "we are a Class not currently
13 employed or a majority of Patients are not Gainfully employed." (Doc. 2 at 1).  Plaintiff has also
14 represented that she does not have any monthly expenses, including housing, transportation, utilities
15 or loan payments.

16      Plaintiff responded "no" to every question seeking to identify financial or tangible assets.
17 Plaintiff also represented she has absolutely no income, property or subsistence and absolutely no
18 way to provide for her existence.  While Plaintiff stated in her application that she has "attached to
19 this document a statement certified by the appropriate institutional officer showing all receipts,
20 expenditures, and balances during the last six months for any institutional account in my name," no
21 documentation supporting her claims was attached to Plaintiff's application. (Doc. 3). Plaintiff's
22 representation, without support, that she has not received a single dollar in the past twelve months
23 cannot be squared with the basis of her lawsuit—the purchase of prescription pills.  Plaintiff's lack
24 of candor and cavalier treatment of her poverty status in completing her IFP Application
25 demonstrates that Plaintiff has not been entirely truthful.  As a result, this Court is unable to fully
26 consider Plaintiff's assets and eligibility to proceed without prepayment of fees.  Therefore,
27 Plaintiff's application should be **DENIED WITHOUT PREJUDICE.**

28

**II.     Class Action Claims**

As a non-attorney, Plaintiff may appear pro se on her own behalf, but she has no authority to appear as a representative for others. *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *see also* FED. R. CIV. P. 11(a) ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's original name, or if the party is not represented by an attorney, shall be signed by the party."). Accordingly, because Plaintiff may not bring her claims as a class action, the financial status of the class is irrelevant to her future IFP application. Plaintiff's IFP application must set out her financial assets so that the Court may properly evaluate her claim to in forma pauperis status.

**III.    Recommendations**

Based on the foregoing, the Court RECOMMENDS that:

>  (i)    Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 3) should be DENIED without prejudice;
>
>  (ii)   Plaintiff be ORDERED to submit an amended In Forma Pauperis Application within thirty (30) days of the date of the adoption of this order by the District Judge, or in the alternative, pay the $350.00 filing fee for this action. **No requests for extension will be granted without a showing of good cause**. **Failure to comply with this order will result in a recommendation that this action be dismissed.**

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with these Findings and Recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be

/////

/////

/////

1 captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge
2 will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United
3 States Code section 636(b)(1)(C).  The parties are advised that failure to file objections within the
4 specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d
5 1153 (9th Cir. 1991).

6 IT IS SO ORDERED.

8 Dated:   November 20, 2012                     /s/ Barbara A. McAuliffe
                                                 UNITED STATES MAGISTRATE JUDGE