# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN COLLINS, on behalf of patients of Dr. Terrill E. Brown, M.D., MPH,<br><br>        Plaintiff,<br><br>v.<br><br>WALGREEN CO., *et al.,*<br><br>        Defendant. | 1: 12-cv-1780 AWI-BAM<br><br>**ORDER DISMISSING PLAINTIFFS' COMPLAINT AND GRANTING 30 DAYS LEAVE TO AMEND** |

## I.   INTRODUCTION

Plaintiffs Lynn Collins and Debbie Woods ("Plaintiffs"), proceeding pro se and on behalf of a putative class of individuals defined as the "patients of Dr. Terrill E. Brown," filed a complaint against "Walgreen Co." ("Defendant") on October 31, 2012.[1]  (Doc. 1.)  Plaintiffs were advised that though they paid the filing fee, the Court is required to screen complaints of pro se litigants pursuant to Title 28 of the United States Code section 1915(e)(2)(B).  Plaintiffs were informed that the Court must dismiss a complaint or portion thereof if the litigant has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant(s) who is immune from such relief.  *Id.*  (Doc. 6.)  For the reasons set forth below, Plaintiffs' complaint  is DISMISSED without prejudice and Plaintiffs are granted leave to amend.

## II.   BACKGROUND

The substance of Plaintiffs' Complaint appears to challenge Defendant's practice of refusing to honor prescriptions for pain medication prescribed by Dr. Terrill Brown.  Plaintiffs allege the

---

[1] On January 10, 2013, Plaintiffs paid the required filing fee. (Receipt No. CAE100021034.)

reasons for Defendant's refusal to fill these prescriptions are as follows: Defendant refers to Dr. Brown's medical practice as a "pill mill;" Defendant suspects Plaintiffs' prescriptions are written on a stolen prescription pad; Defendant's belief that Dr. Brown's medical license has been suspended; and lastly, because various state and federal agencies are investigating Dr. Brown for overwriting prescriptions.  (Doc. 1.)  Plaintiffs additionally claim Defendant refuses to fill these prescriptions because Plaintiffs are "African-American, Black, Hispanic Americans, Caucasian, and look untidy, or perhaps not well-dressed" or look like "gang members or drug dealers."

Understanding Plaintiffs' legal claims is a greater challenge.  Amidst twenty-one pages of incomplete thoughts, non-sequiturs and nonsensical legal citations, it is difficult to divine the precise claims Plaintiffs wish to raise, and which factual allegations support those claims. For instance, Plaintiffs' Complaint is entitled "Complaint for damages for defamation, libel, fraud, and breach of contract," however, the substance of Plaintiffs' Complaint primarily cites California Business and Professions Code Sections 4350.5 and 17200, California Health and Safety Code Section 11368, California Penal Code Section 631 and civil rights violations under "U.S. Code Title 42, Chapter 21."

Nonetheless, affording Plaintiffs' Complaint the most liberal reading possible, Plaintiffs appear to have alleged the following causes of action: (1) defamation; (2) libel; (3) slander; (4) fraud; (5) breach of contract; (6) violations of California Business and Professions Code Section § 4350.5; (7) violations of California Business and Professions Code Section § 17200; (8) violations of California Health and Safety Code § 11368; (9) violations of California Penal Code § 631; and (10) civil rights violations under 42 U.S.C. § 2000d.

## III.   DISCUSSION

### A.   Legal Standard for Screening

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . .stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (quoting *Twombly*, 550 U.S. at 555).

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile.  *Lopez v. Smith,* 203 F.3d at 1128.

**B.    Claims Failing to Satisfy Federal Rule of Civil Procedure 8**

Rule 8(d)(1) requires each allegation to be "simple, concise, and direct."  This requirement "applies to good claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).  "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Id.* at 1180.  "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges." *Id*. at 1179.

Moreover, a pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Yamaguchi v. United States Dep't of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).  Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  A plaintiff must allege with at least

some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Id.* at 649.  A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  The United States Supreme Court has explained:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis added), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Twombly*, 550 U.S. at 556, n. 3.

Plaintiffs' claims for fraud, breach of contract, violations of California Business and Professions Code Section § 17200, and for civil rights violations of "U.S. Code Title 42, Chapter 21" fail to satisfy Federal Rule of Civil Procedure 8.  The Court will afford Plaintiffs the opportunity to amend these claims.

### 1.      Fraud

The elements of a claim for fraud include: (1) misrepresentation by way of a false representation, concealment, or non-disclosure; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. *See Cadlo v. Owens–Illinois, Inc.*, 125 Cal. App. 4th 513, 519, 23 Cal. Rptr. 3d 1 (2004) (citing *Small v. Fritz Cos., Inc.*, 30 Cal.4th 167, 173, 132 Cal.Rptr.2d 490, 65 P.3d 1255 (2003)).

Under the requirements of Federal Rule of Civil Procedure 9(b), "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  "[T]o establish a cause of action for fraud a plaintiff must plead and prove in full, factually and specifically, all of the elements of the cause of action.... There must be a showing 'that the defendant thereby intended to induce the plaintiff to act to his detriment in reliance upon the false representation' and 'that the plaintiff actually and justifiably relied upon the defendant's misrepresentation in acting to his detriment.'" *Saldate v. Wilshire Credit Corp.*, 686 F.Supp.2d 1051, 1063 (E.D.Cal.2010) (citing *Conrad v. Bank of Am.*, 45 Cal.App.4th 133,

1  156, 157, 53 Cal.Rptr.2d 336 (1996)). The complaint must contain "facts to support each fraud

2  element." *Saldate*, 686 F.Supp.2d at 1065.

3          Plaintiffs do not allege facts to support each fraud element.  Indeed, taken as a whole,

4  Plaintiffs' Complaint does not allege sufficient facts to support a single element of a properly

5  pled fraud claim.  Plaintiffs do not allege Defendant's "defamatory" statements were made with

6  knowledge of their falsity, offered to induce Plaintiffs' reliance, or that Plaintiffs relied on these

7  statements to their detriment.  In short, Plaintiffs' fraud claim does not meet the heightened

8  requirements of Rule 9(b). Accordingly, Plaintiffs' Complaint fails to state a claim for fraud.

9  Plaintiffs' fraud claim is dismissed with leave to amend.

10         **2.      Breach of Contract**

11         Plaintiffs' Complaint alleges a claim for breach of contract. In California, a cause of

12  action for breach of contract has four elements: (1) allegations that a contract exists between the

13  parties; (2) that plaintiff has performed all the contractual duties or was excused from

14  nonperformance, (3) that defendant has breached the contractual duties, and (4) that plaintiff's

15  damages were a result of the breach. *Reichert v. Gen. Ins*. Co., 68 Cal.2d 822, 830, 69 Cal.Rptr.

16  321, 442 P.2d 377 (1968).

17         Plaintiffs do not allege facts to support any of these elements.  A contract between

18  Plaintiffs and Defendant is not alleged to exist, and there are no allegations relating to the

19  performance, or failure to perform, any contractual duties.  Accordingly, Plaintiffs fail to state a

20  claim for breach of contract.  Plaintiffs' breach of contract claim is dismissed with leave to

21  amend.

22         **3.      California Business & Professions Code Section 17200**

23         The UCL prohibits any "unlawful, unfair or fraudulent business practices." Cal. Bus. &

24  Prof. Code § 17200, *see also Cel–Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20

25  Cal.4th 163, 180 (1999). Because the statute is written in the disjunctive, it applies separately to

26  business practices that are (1) unlawful, (2) unfair, or (3) fraudulent. *See Pastoria v. Nationwide

27  Ins*., 112 Cal.App. 4th 1490, 1496 (2003); *See also Albillo v. Intermodal Container Services,

28  Inc.*, 114 Cal.App. 4th 190, 206 (Cal.App.2d Dist.2003) (To state a claim under the UCL, "[a]

1  plaintiff must establish that the practice is either unlawful ( i.e., is forbidden by law), unfair ( i.e.,

2  harm to victim outweighs any benefit) or fraudulent ( i.e., is likely to deceive members of the

3  public)").

4       Plaintiffs do not state whether they seek relief under the UCL's unlawful, unfair or

5  fraudulent prongs.  Plaintiffs merely cite "CAL. BPC. CODE § 17200" or "California Code,

6  Section 17200" in random intervals lacking any logical connection to the surrounding allegations.

7  Accordingly, Plaintiffs fail to state a claim under the UCL.  Plaintiffs' UCL claim is dismissed

8  with leave to amend.

9       **4.     U.S. Code Title 42, Chapter 21**

10       Plaintiffs have not stated a claim under any federal civil rights statute.  Plaintiffs' claim

11  that Defendant violated "U.S. Code Title 42, Chapter 21," is not a cognizable claim.  Chapter 21

12  of Title 42 of the United States Code contains actionable statutes, *e.g.,* 42 U.S.C. §§ 1981, 1983,

13  2000a, 2000d, etc., however, "Chapter 21" is not a statute that regulates or prohibits any kind of

14  conduct.  For this reason alone, Plaintiffs' civil rights claims fail Rule 8.

15  **C.     Plaintiffs' Remaining Claims Are Frivolous**

16       A claim is frivolous if it lacks an arguable basis either in law or fact.  *Neitzke v.*

17  *Williams*, 490 U.S. 319, 324 (1989).  A frivolous claim is based on an inarguable legal

18  conclusion or a fanciful factual allegation. *Id*. A federal court may dismiss a claim as frivolous if

19  it is based on an indisputably meritless legal theory or if the factual contentions are clearly

20  baseless. *Id*.

21       Plaintiffs' remaining claims for defamation, libel, slander, violations of California

22  Business and Professions Code Section § 4350.5, violations of California Health and Safety

23  Code § 11368, and violations of California Penal Code § 631 are meritless and will be dismissed

24  without leave to amend.

25       **1.     Class Action Allegations**

26       Plaintiffs seek certification of this litigation as a class action. Plaintiffs state other patients

27  of Dr. Brown who could not fill their prescription with Defendant, or who were otherwise injured

28  by Defendant's defamatory statements concerning Dr. Brown, should be included in his action.

6

Plaintiffs, however, are non-lawyers proceeding without counsel.  It is well established that a layperson cannot ordinarily represent the interests of a class. *See McShane v. United States*, 366 F.2d 286 (9th Cir. 1966); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) *Fymbo v. State Farm Fire & Casualty Co.*, 213 F.3d 1320, 1321 (10th Cir., 2000);  *Norwood v. Hubbord,* 2009 WL 2982653 (E.D. Cal. 2009).  A pro se litigant cannot "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *Fymbo,* 213 F.3d at 1321.  Plaintiffs' class action allegations, therefore, are dismissed without leave to amend.

### 2.     Defamation / Libel / Slander

Plaintiff alleges tort claims for defamation, libel, and slander, in violation of California Civil Code sections 44, 45, and 46. "Defamation is an invasion of the interest in reputation. The tort involves the intentional publication of a statement of fact which is false, unprivileged, and has a natural tendency to injure or which causes special damage." *Ringler Associates Inc. v. Maryland Cas. Co.*, 80 Cal. App.4th 1165, 1179, 96 Cal.Rptr.2d 136 (2000). Section 44 provides that defamation is effected by libel or slander. Cal. Civ. Code § 44 (West 2005). Section 45 defines libel, while section 46 defines slander. Libel is a false, unprivileged written publication which exposes plaintiff to hatred, contempt, ridicule, or obloquy; causes him to be shunned or avoided; or tends to injure him in his occupation. Cal. Civ. Code § 45 (West 2005). Slander, in relevant part, is a false, unprivileged oral publication which charges any person with crime, or with having been indicted, convicted, or punished form crime. Cal. Civ. Code § 46 (West 2005).

"As a general rule, only the person who is defamed may maintain an action for defamation." *Olivit v. City and Borough of Juneau*, 171 P.3d 1137, 1145, n. 27 (Alaska, 2007), citing W. Page Keeton et al., Prosser and Keeton on Torts § 111, at 778 (5th ed.1984); *see also*, *Truck Ins. Exchange v. Bennett,* 53 Cal. App. 4th 75, 86 (1997) ("A defamation claim vindicates personal interests, and is a personal injury"); Slander of Title: Sufficiency of Plaintiff's Interest in Real Property to Maintain Action," 86 A.L.R.4th 738, 742, § 2 ("An action for slander of title is maintainable only by one who possess an estate or interest in the property"); *Wilson v. Retail Credit Co.*, 325 F.Supp. 460, 463 (S.D. Miss.1971) (holding that plaintiff did not have defamation claim against mercantile agency for reporting that plaintiff's wife was neurotic, in

part because claim was personal to wife herself).

Plaintiffs allege claims for defamation, libel and slander against Defendant on behalf of Dr. Brown.  Plaintiffs, however, are not the proper individuals to champion Dr. Brown's reputational interests.  Rather, only Dr. Brown possesses an actionable interest in his reputation. Plaintiffs do not allege Defendant defamed Plaintiffs' reputational interests, and Plaintiffs' Complaint presents no cognizable basis for defamation claims. Accordingly, Plaintiffs's claims for defamation, slander and libel are dismissed without leave to amend.

### 3.     California Business and Professions Code § 4350.5

Plaintiffs allege that an employee of Defendant wrote "pill mill" on the back side of one of the Plaintiffs' prescriptions.  Plaintiffs allege this conduct violated California Business and Professions Code § 4350.5.

California Business and Professions Code § 4350.5 no longer exists.  Section 4350.5 was repealed and amended in 1996.  What remains of this statute is codified at California Business and Professions Code § 4301.  Section 4301 concerns when an administrative medical board can take action against a pharmacist who is guilty of fraud or unprofessional conduct.  Cal. Bus. & Prof. Code § 4301.  The statute primarily targets pharmacists who furnish controlled substances improperly.  *See, e.g.,* Cal. Bus. & Prof. Code § 4301(d), (e), (h), (i), (j), (k), (l), (m), (r) & (s).

Plaintiffs' citation to this statute is misguided.  Section 4301 does not prohibit a pharmacist from refusing to fill a prescription or taking measures to inform other pharmacists that a prescription was unlawfully obtained.  On the contrary, Section 4301 prohibits precisely the type of conduct Defendants sought to avoid – providing prescription drugs to individuals who do not have a valid prescription for the medication.  Moreover, Section 4301 is an administrative statute enforced by the California State Board of Pharmacy for which there is no private right of action.  *See generally, Smith v. State Bd. Of Pharmacy,* 37 Cal. App. 4th 229 (Cal. 4th 1995).  Plaintiffs' claim under California Business and Professions Code § 4350.5 is dismissed without leave to amend.

### 4.     California Health and Safety Code § 11368

Plaintiffs allege Defendant violated California Health and Safety Code § 1136 by writing

1   "pill mill" on the back side of one of Plaintiffs' prescriptions.  Section 11368 provides that

2   > Every person who forges or alters a prescription or who issues or utters an altered
3   > prescription, or who issues or utters a prescription bearing a forged or fictitious
    > signature for any narcotic drug, or who obtains any narcotic drug by any forged,
4   > fictitious, or altered prescription, or who has in possession any narcotic drug
    > secured by a forged, fictitious, or altered prescription, shall be punished by
5   > imprisonment in the county jail for not less than six months nor more than one
    > year, or in the state prison.

6   Section 11368 does not proscribe the alleged conduct, i.e., writing "pill mill" on a prescription to

7   warn other pharmacists against filling the prescription.  Rather, Section 11368 prohibits the

8   forging of prescriptions to obtain pharmaceuticals.  Plaintiffs do not allege Defendant forged a

9   prescription to obtain pharmaceuticals.  On the contrary, Plaintiffs' allegations state Defendant

10  would not fill the prescriptions because it feared the prescriptions were forged.  Plaintiffs' claim

11  under California Health and Safety Code § 11368 is dismissed without leave to amend.

12              **5.      California Penal Code § 631**

13          Plaintiffs alleged Defendant violated California Penal Code § 631 by informing other

14  pharmacies that prescriptions by Dr. Brown should not be honored.  Section 631 prohibits the

15  wiretapping or the eavesdropping of a confidential conversation without both parties' consent.

16  *See* Cal. Pen. Code § 631; *Universal Underwriters Ins. Co. v. Carsdirect.com,* 2003 WL

17  22669016 (C.D. Cal. 2003).

18          Plaintiffs do not allege Defendant eavesdropped on any of their confidential

19  conversations.  Rather, Plaintiffs allege Defendant violated Section 631 by transmitting

20  "defamatory" statements to other pharmacies through telephone and facsimile mediums.

21  Plaintiffs' allegations are not actionable under Section 631 and are dismissed without leave to

22  amend.

23  **E.      Amended Complaint**

24          Plaintiffs will be given an opportunity to amend their claims for fraud, breach of contract,

25  violations of California Business and Professions Code Section § 17200, and for civil rights

26  violations of "U.S. Code Title 42, Chapter 21." If Plaintiffs choose to file a first amended complaint,

27  it should contain an explanation of which rights or laws were allegedly breached, how those breaches

28  occurred, and set forth facts establishing the basis of Plaintiffs' claims.

9

Plaintiffs are advised that an amended complaint supercedes the original complaint. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999). The amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rules of the United States District Court, Eastern District of California, Rule 220. Once Plaintiffs file an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. If Plaintiffs fail to file an amended complaint or fail to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice.

## IV.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiffs' claims for defamation, libel, slander, violations of California Business and Professions Code § 4350.5, violations of California Health and Safety Code § 11368, and violations of California Penal Code § 631 are DISMISSED WITHOUT LEAVE TO AMEND;

2.      Plaintiffs' claims for fraud, breach of contract, violations of California Business and Professions Code § 17200, and for civil rights violations of "U.S. Code Title 42, Chapter 21" are DISMISSED WITH LEAVE TO AMEND;

3.      Plaintiffs SHALL file an amended complaint within thirty (30) days of the date of service of this order;

4.      Failure to file an amended complaint will result in a recommendation that this action be dismissed with prejudice.

IT IS SO ORDERED.

Dated:    **June 10, 2013**                    **/s/ Barbara A. McAuliffe**
                                                                UNITED STATES MAGISTRATE JUDGE