UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN COLLINS, on behalf of patients of Dr. Terrill E. Brown, M.D., MPH,<br><br>Plaintiff,<br><br>v.<br><br>WALGREEN CO., *et al.*,<br><br>Defendant. | No. 1:12-cv-1780 AWI- BAM<br><br>**FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF THIS ACTION** |

Plaintiffs Lynn Collins and Debbie Woods ("Plaintiffs"), appearing *pro se* and on behalf of a putative class of individuals defined as the "patients of Dr. Terrill E. Brown," filed the instant complaint on October 31, 2012. (Doc. 1). Plaintiffs challenge Defendant Walgreen Co.'s ("Defendant") practice of refusing to honor pain pill prescriptions from Dr. Brown.

On June 10, 2013, the undersigned issued an order dismissing Plaintiffs' complaint with leave to file a first amended complaint. (Doc. 7). Plaintiff was ordered to serve the amended complaint within thirty (30) days of the service of the order. Well over thirty days have passed and Plaintiffs have failed to comply with this Court's order.

### DISCUSSION

Local Rule 110 provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court. District courts have the inherent power

1

to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazali*, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260-61; *Malone*, 833 F.2d at 130; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because there is no indication that Plaintiffs intend to prosecute this action. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiffs to file an amended complaint was clear that dismissal would result from non-compliance with the Court's order. (Doc. 7, pg. 10).

**RECOMMENDATION**

Based on the above, **IT IS HEREBY RECOMMENDED** that this action be **DISMISSED** for Plaintiffs' failure to comply with a court order and that the Clerk of the Court be directed to close this action.

These findings and recommendations are submitted to United States District Judge Anthony W. Ishii, pursuant to 28 U.S.C. § 636(b)(1)(B). Within fifteen (15) days after the date of this Finding and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Finding and Recommendation." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 12, 2013**              /s/ Barbara A. McAuliffe
                                   UNITED STATES MAGISTRATE JUDGE